J-S05045-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| STACEY SUE STRUNK | : | |
| | : | |
| Appellant | : | No. 788 MDA 2021 |

Appeal from the Judgment of Sentence Entered February 10, 2021
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0004314-2019

BEFORE: PANELLA, P.J., STABILE, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:                    **FILED: APRIL 26, 2022**

Appellant, Stacey Sue Strunk, appeals from the Judgment of Sentence entered February 10, 2021, after the trial court convicted her of Driving Under the Influence ("DUI") of a controlled substance.[1] Appellant challenges an evidentiary ruling as well as the sufficiency and weight of the evidence. After careful review, we affirm.

**BACKGROUND**

On August 5, 2019, at a Love's Travel Stop in Berks County, Pennsylvania State Trooper John Reiter responded to a report that Appellant appeared intoxicated and had been driving her car. When Trooper Reiter arrived, he observed Appellant exhibiting signs of impairment. He conducted multiple field sobriety tests, which Appellant failed. Trooper Reiter's video

---

[1] 75 Pa.C.S. § 3802(d)(2)

camera recorded Appellant's performance. He arrested her on suspicion of DUI. She refused to consent to chemical testing.

At the PSP barracks, Appellant admitted that "it was possible that she had used methamphetamine." Trial Ct. Op., 10/22/21, at 4. Trooper Phillip Cyphers conducted another round of sobriety tests, which Appellant again failed.

While transporting Appellant to central processing, Trooper Reiter observed Appellant exhibiting more severe signs of impairment. Trooper Reiter's camera recorded Appellant's conduct. Trooper Reiter drove Appellant to a local hospital, instead of central processing, where he released her to medical personnel. The Commonwealth subsequently charged Appellant with DUI-controlled substance.

On January 15, 2021, at the conclusion of a single-day bench trial, the court convicted Appellant of DUI. On February 10, 2021, the court sentenced Appellant to 3 days to 6 months' incarceration. Appellant timely filed a post-sentence Motion challenging, *inter alia*, the weight of the Commonwealth's evidence underlying her DUI conviction. On May 17, 2021, the court denied the motion. Appellant timely filed a Notice of Appeal and both she and the trial court complied with Pa.R.A.P. 1925.

**ISSUES**

Appellant raises the following issues on appeal:

1. Did the Commonwealth present sufficient evidence to establish the verdict for [DUI] when there was no evidence presented to show that Appellant was under the influence of a controlled

- 2 -

substance and there was no evidence that Appellant's ability to safely drive or operate the vehicle was impaired?

2. Was the verdict for driving under the influence against the weight of the evidence?

3. Did the court err when it admitted Appellant's extrajudicial statement when the *corpus delicti* of [DUI] had not been proven by a preponderance of the evidence[?[2]]

Appellant's Br. at 7-8 (reordered for ease of analysis).

**LEGAL ANALYSIS**

Appellant's arguments relate to her DUI conviction under Subsection 3802(d)(2) of the Vehicle Code, which prohibits operation of a motor vehicle by an "individual [] under the influence of a drug or combination of drugs to a degree which impairs the individual's ability to safely drive, operate or be in actual physical control of the movement of the vehicle." 75 Pa.C.S. § 3802(d)(2).

**Sufficiency of the evidence**

In her first issue, Appellant challenges the sufficiency of the Commonwealth's evidence to prove that she was incapable of safe driving due to intoxication.[3] Appellant's Br. at 35-38. She argues that "there [was] no

---

[2] Although Appellant assails in her brief both the court's *admission* and *consideration* of her extrajudicial statement, Appellant objected only to the trial court's *admission* of her statement. N.T. Trial, 1/15/21, at 54-55. We, thus, constrain our review to that issue. Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal.").

[3] Throughout her sufficiency challenge, Appellant repeatedly assails the weight that the trial court, as fact-finder, placed on circumstantial evidence of her
*(Footnote Continued Next Page)*

direct or circumstantial evidence that Appellant was under the influence of a controlled substance." *Id.* at 37.

Our standard of review applicable to challenges to the sufficiency of evidence is well settled. "Viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, and taking all reasonable inferences in favor of the Commonwealth, the reviewing court must determine whether the evidence supports the fact-finder's determination of all of the elements of the crime beyond a reasonable doubt." *Commonwealth v. Hall*, 830 A.2d 537, 541-42 (Pa. 2003). Further, a conviction may be based solely on circumstantial evidence, and the trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence. *Commonwealth v. Melvin*, 103 A.3d 1, 39-40 (Pa. Super. 2014). In conducting this review, we may not weigh the evidence and substitute our judgment for that of the fact-finder. *Id.*

Our Supreme Court has recognized that the Commonwealth can prove DUI through evidence of "the offender's actions and behavior," including "[in]ability to pass field sobriety tests[,] demeanor, including toward the investigating officer," and refusal of chemical testing. *Commonwealth v. Segida*, 985 A.2d 871, 879 (Pa. 2009); *Commonwealth v. Myers*, 164 A.3d 1162, 1171 (Pa. 2017). *See also Commonwealth v. Griffin*, 32 A.3d 1231,

---

intoxication and inability to safely operate a vehicle. These arguments present challenges to the weight of the evidence, *Commonwealth v. Widmer*, 744 A.2d 745, 751-52 (Pa. 2000), and we address them in Appellant's second issue, where she has properly raised a weight challenge.

1239 (Pa. 2011) (citing **Segida** and explaining that "subsection 3802(d)(2) does not limit, constrain, or specify the type of evidence that the Commonwealth can proffer to prove its case."). "The weight to be assigned these various types of evidence presents a question for the fact-finder[.]" **Segida**, 985 A.2d at 879.

The trial court found the Commonwealth's evidence sufficient to prove DUI. Specifically, the court cited testimony by Love's employee Janelle Fasig and Troopers Reiter and Cyphers, along with video of Trooper Reiter's interactions with Appellant, which established that Appellant drove her vehicle at the rest stop, exhibited signs of impairment, failed multiple field sobriety tests, and refused to undergo chemical testing. Trial Ct. Op. at 6. It explained:

> [Appellant's] impaired ability to safely drive, operate, or control the vehicle is well established by the testimony of the store employee [Fasig], both state troopers and the video recordings clearly demonstrating her unstable, erratic physical movements, profuse sweating and incoherent, barely responsive or understandable speech, she was not able to successfully complete the sobriety tests as were administered separately and independently by the two state troopers. Her admission to Trooper Cyphers . . . established that she was under the influence of a drug or a combination of drugs. The [c]ourt . . . considered her refusal to submit to a blood test as evidence of [Appellant's] consciousness of guilt. There was[, therefore,] sufficient evidence to support the verdict and accordingly, no merit to this issue.

**Id.** (internal citation omitted).

The record supports the trial court's finding. Fasig testified on behalf of the Commonwealth and explained that, while in Love's, Appellant "was very jittery[, h]er arms were moving around[, and s]he was acting like she was

talking to somebody next to her, but there was nobody there." N.T. Trial, 1/15/21, at 6. Fasig then watched as Appellant drove her vehicle to a gas pump. *Id.* at 7-8.

Trooper Reiter also testified on behalf of the Commonwealth, and stated that when he first arrived to the scene, Appellant "appeared off balance, distraught in nature, confused[, h]ad difficulty making really any sense communicating back and forth[, and] difficulty following simple instructions." *Id.* at 18. Based on this "first contact," Trooper Reiter believed Appellant "appeared impaired" so he administered standard field sobriety and Advanced Roadside Impairment Driving Enforcement ("ARIDE") tests to Appellant. *Id.* at 20-28. Appellant failed the tests. *Id.* at 28. The Commonwealth introduced into evidence and played for the court the video of this testing. *Id.* at 28-30. Trooper Reiter explained that, "[b]ased off my initial observations [and] all clues during standard field sobriety testing, I believed [Appellant] was under the influence of controlled substance and she was placed under arrest because I did not believe she was safely capable of operating a motor vehicle." *Id.* at 30-31. Appellant refused to consent to chemical testing. *Id.* at 31.

At the police barracks, Trooper Cyphers interviewed Appellant. Appellant admitted to Trooper Cyphers that "it was possible that she had used methamphetamine." *Id.* at 54. Trooper Cyphers then administered to Appellant another round of field sobriety tests. *Id.* at 54-57. Appellant also failed these tests, leading Trooper Cyphers to conclude that she was impaired. *Id.* Trooper Cyphers ultimately explained that "[b]ased upon the overall

observation of how [Appellant] was acting, not only her movements, and then the field sobriety, I believed she was impaired, and that impairment would cause her to be incapable of safely operating a vehicle." *Id.* at 58.

Shortly thereafter, as Trooper Reiter began to transport Appellant to central processing, he observed that Appellant was "talking to herself[,] sweating profusely, even though the [air conditioning] was on the max setting[,] flailing around the back seat and she appeared to be arguing with herself at times." *Id.* at 38. The Commonwealth introduced into evidence and played for the court the video of Appellant's conduct in Trooper Reiter's vehicle. *Id.* at 39-40. Trooper Reiter viewed Appellant's conduct as "several more indicators that she was under the influence of a controlled substance." *Id.* at 40.

Viewing the totality of the evidence in the light most favorable to the Commonwealth, we conclude that the Commonwealth's evidence was sufficient to support the trial court's finding that Appellant was intoxicated and incapable of safe driving. This evidence included Appellant's admission to using methamphetamine, her failure of multiple field sobriety tests, and the Troopers' conclusions that Appellant was impaired and incapable of safe driving. Appellant's sufficiency challenge, thus, fails to garner relief.

**Weight of the evidence**

In her second issue, Appellant challenges the court's exercise of discretion in denying her post-sentence motion challenging the weight of the evidence. She argues that the court should have discredited all of Trooper

Reiter's testimony because he "only had 12 DUIs under his belt by the time of trial [and, therefore, his] observations are unreliable and not credible." Appellant's Br. at 40. Additionally, Appellant asserts that the court should have ignored her multiple failed field sobriety tests because Trooper Reiter admitted, on cross examination, that the National Highway Traffic Safety Administration has not validated standardized tests to detect drug use. ***Id.*** at 37. Finally, she argues that the court should have given greater weight to evidence that she successfully parked her car beside a gas pump and to her counsel's assertion during closing argument that her conduct "could very well be the result of a medical issue." ***Id.*** at 36-38.

"The weight of the evidence is exclusively for the finder of fact, who is free to believe all, none[,] or some of the evidence and to determine the credibility of the witnesses." ***Commonwealth v. Talbert***, 129 A.3d 536, 545 (Pa. Super. 2015) (citation omitted). The fact-finder is solely responsible for resolving contradictory testimony. ***Commonwealth v. Hopkins***, 747 A.2d 910, 917 (Pa. Super. 2000). It is well-settled that we cannot substitute our judgment for that of the trier of fact. ***Talbert***, ***supra*** at 546.

Moreover, appellate review of a weight claim is a review of the trial court's exercise of discretion in denying the weight challenge raised in the post-sentence motion; this Court does not review the underlying question of whether the verdict is against the weight of the evidence. ***See id.*** at 545-46. "In order for a defendant to prevail on a challenge to the weight of the evidence, the evidence must be so tenuous, vague and uncertain that the

verdict shocks the conscience of the court." ***Id.*** at 546 (citation omitted). As our Supreme Court has made clear, reversal is only appropriate "where the facts and inferences disclose a palpable abuse of discretion[.]" ***Commonwealth v. Morales***, 91 A.3d 80, 91 (Pa. 2014) (citations and emphasis omitted).

The trial court, which sat as fact-finder at Appellant's trial, explained that it denied Appellant's weight challenge because "[t]he evidence presented at trial was not contrary to the verdicts." Trial Ct. Op., 10/22/21, at 8. The court credited testimony by Fasig, Trooper Reiter, and Trooper Cyphers, and Appellant's "statement about possible methamphetamine use," and concluded that, "when viewed in totality with her behavior at Love's Travel Stop, her behavior in the patrol car, her inability to perform the [standard field sobriety tests] and the ARIDE tests," the Commonwealth's evidence "established the elements of the offense beyond a reasonable doubt." ***Id.***

Appellant essentially asks us to reassess the credibility of Troopers Reiter and Cyphers and reweigh the testimony and evidence presented at trial. We cannot and will not do so. Our review of the record shows that the evidence is not tenuous, vague, or uncertain, and the verdict was not so contrary to the evidence as to shock the court's conscience. We, thus, discern no abuse of discretion in the trial court's denial of Appellant's weight claim.

**Admission of statement regarding methamphetamine use**

In her final issue, Appellant raises an evidentiary challenge by arguing that the trial court violated the *corpus delicti* rule by admitting her statement

regarding her possible methamphetamine use. Appellant's Br. at 22-34. We review evidentiary rulings for an abuse of discretion. ***Commonwealth v. Dupre***, 866 A.2d 1089, 1097 (Pa. Super. 2005).

*Corpus delicti* means, literally, "the body of a crime." ***Commonwealth v. Bullock***, 170 A.3d 1109, 1117 n.7 (Pa. Super. 2017) (citation omitted). The *corpus delicti* rule "places the burden on the prosecution to establish that a crime has actually occurred before a confession or admission of the accused connecting him to the crime can be admitted." ***Dupre***, 866 A.2d at 1097 (citation omitted). "The historical purpose of the rule is to prevent a conviction based solely upon a confession or admission, where in fact no crime has been committed." ***In re T.B.***, 11 A.3d 500, 505 (Pa. Super. 2010) (citation omitted). "Hence, the Commonwealth is required to corroborate a confession with independent evidence that the circumstances are more consistent with the commission of a crime than an accident." ***Id***. "Simply put, the Commonwealth cannot convict a person solely based upon a defendant's confession." ***Id.***

In responding to Appellant's claim, the trial court noted that it admitted Appellant's inculpatory statement after "the Commonwealth [] established that the defendant was driving a vehicle at a time when she was exhibiting behavior that was so erratic that it drew the attention of [Fasig,] who perceived [Appellant] to be intoxicated and prompted the call to police, as well as the failure of the [standard field sobriety tests] administered [by] Trooper

Reiter[.]" Trial C.t Op. at 8-9. The record supports the trial court's findings, and we discern no abuse of discretion.

Before the court admitted Appellant's inculpatory statement, the Commonwealth presented evidence showing that (1) Appellant drove her vehicle at the rest stop after the store clerk observed her exhibiting signs of impairment; (2) Trooper Reiter observed multiple signs of impairment; (3) Appellant failed multiple field sobriety tests, and (4) Appellant refused chemical testing. **See** N.T. Trial at 6-8, 18-31, 38-40. Additionally, Trooper Reiter had testified that, based on his observations and experience, he concluded that Appellant was impaired and incapable of safely driving. **Id.** at 30-31. This evidence was sufficient to establish the *corpus delicti* of DUI before admission of Appellant's statement. **See** 18 Pa.C.S. § 3802(d)(2) (requiring proof that an individual (1) drove, (2) while "under the influence of a drug[, (3)] to a degree which impairs the individual's ability to safely drive[.]"). Accordingly, the court did not violate the *corpus delicti* rule by admitting Appellant's inculpatory statement.

In sum, Appellant's sufficiency, weight, and evidentiary claims fail. As a result, we affirm Appellant's Judgment of Sentence.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/26/2022